RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/30/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARK JACQUES (#75560-004) | DOCKET NO. 1:14-CV-2745; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* petition for writ of habeas corpus of Mark Jacques, filed pursuant to 28 U.S.C. §2241. Petitioner is in the custody of the federal Bureau of Prisons, incarcerated at the United States Penitentiary at Pollock, Louisiana. Petitioner challenges a disciplinary conviction, alleging the violation of his due process rights.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts and Procedure*

On July 30, 2013, Petitioner was placed in the Special Housing Unit after an officer claimed to have smelled a strong odor coming out of Petitioner's cell. Petitioner flushed an intoxicant down the toilet before submitting to restraints for a cell search. A mop bucket, rubber hose, and wires were found in the cell. Petitioner received a written incident report on August 1, 2013, at 1:52 a.m. Petitioner was ultimately convicted of a disciplinary violation. He does not state whether he lost any good time as a result of the infraction.

*Law and Analysis*

Petitioner challenges his disciplinary conviction on the sole ground that he did not receive a written notification of the charge within 24 hours of the staff becoming aware of the incident. In fact, at his disciplinary hearing, he admitted the violation. [Doc. #1, p.18] He seeks expungement of the conviction on the basis of not receiving a copy of the written incident report until approximately 36 hours after the incident.

The Supreme Court has historically held that the due process clause is applicable to disciplinary proceedings *only where a prisoner is threatened with a loss of good time*. See Wolff v. McDonnell, 418 U.S. 539 (1974). When a prisoner has a liberty interest in good time credit, revocation of such credit must comply with minimal procedural requirements. See Henson v. United States Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000).

Absent a loss of good time or other atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action. See Sandin v. Conner, 515 U.S. 472, 486 (1995). Loss of commissary, telephone, and visiting privileges do not trigger due process protections. See Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000). Furthermore, imposition of solitary confinement, or disciplinary segregation, absent atypical punishment, does not trigger due process protection. See Wilkinson v. Austin, 545 U.S. 209 (2005).

Petitioner has not alleged the loss of good time or any atypical punishment.  To the extent he did not lose good time or suffer any other atypical punishment, he fails to state a claim for which relief can be granted and his petition should be dismissed.  To the extent that Petitioner *was* sanctioned with the loss of good time, his claims is still subject to dismissal for the reasons that follow.

To the extent that Petitioner lost good time and was entitled to due process, the only "process" to which he was entitled was (1) written notice of the charges against him at least twenty-four hours **before the hearing**, (2) a written statement of the fact-finders as to the evidence relied on and the reasons for the disciplinary action taken, and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case, and (4) some assistance in the collection and presentation of evidence if either the inmate is illiterate or the case appears complex.  See Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000); Walker v. Navarro County Jail, 4 F.3d 410, 412 (5th Cir. 1993); Wolf v. McDonnell, 418 U.S. 539, 563-66 (1974).  Petitioner *does not* claim that he was deprived of any of the process to which he was due.

Petitioner's complaint is that he did not receive notice within 24 hours of being taken to the SHU, or within 24 hours of

the staff becoming aware of his involvement in the incident. Such notice is not constitutionally guaranteed. Notice is only required at least 24 hours before the disciplinary hearing.

Petitioner claims that the timing of his notice violated BOP Program Statement 5270.09, Section 541.5, which states, in relevant part, "You will *ordinarily* receive the incident report within 24 hours of staff becoming aware of your involvement in the incident" (emphasis added). The regulation does not guarantee notice within 24 hours. Rather, it states that an inmate will *ordinarily* be provided notice within that time-frame. The regulations go on to state, "The incident report should be delivered to the inmate within 24 hours of the time staff become aware of the inmate's alleged misconduct. If an incident is referred for prosecution, the report is delivered by the end of the next business day after release for administrative processing." In this case, Petitioner received notice less than 36 hours from the date he was taken to the SHU. He was not prejudiced in any manner by the timing of the written notice. Moreover, even if the regulation guaranteed or mandated notice within 24 hours, Petitioner would still not state a claim because, in the Fifth Circuit, "a prison official's failure to follow the prison's own policies procedures or regulations, does not constitute a violation of due process, if constitutional minima are nevertheless met." Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir.1996) (citations omitted).

In sum, Petitioner was not entitled, either under <u>Wolff</u> and its progeny or under the BOP regulations, to written notice of the violation within 24 hours of the staff becoming aware of his involvement. BOP regulations merely state that an inmate will *ordinarily* receive notice within that time, and <u>Wolff</u> only requires notice 24 hours prior to the actual hearing. Even if the BOP had violated its own regulation, the result would be the same. <u>See</u> <u>Myers</u>, <u>supra.</u> To the extent that Petitioner lost no good time, he is not entitled to due process under <u>Wolff</u>; to the extent that he was deprived good time, he has not alleged any deprivation under <u>Wolff</u>.

*Conclusion*

The Court has given the petition preliminary consideration pursuant to 28 U.S.C. § 2243[1] and Rule 4 of the Rules Governing §2254 Cases in the United States District Courts,[2] which is applicable to §2241 petitions under Rule 1(b).[3] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached

---

[1] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[3] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

5

exhibits that the petitioner is not entitled to relief."[4] Such is the case in the captioned matter.

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED, with prejudice.**

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

---

[4] Id. at PROC. R. 4.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of September, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE